* * * * * * * * * * *
Upon review of all of the competent evidence of record with references to the errors assigned and finding no good grounds to reconsider the evidence, receive further evidence, rehear the parties or their representatives, the Full Commission affirms and modifies the Decision and Order of the Deputy Commissioner.
 * * * * * * * * * * *
Based upon the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the Deputy Commissioner's hearing, plaintiff was 37 years of age, incarcerated by the State of North Carolina and was serving a term of 45 years for selling a schedule II controlled substance.
2. On January 15, 2001, plaintiff was being housed at Central Prison and was moved from his housing unit to Unit 1 segregation. At this time, Sergeant Burroughs searched plaintiff's personal property and confiscated five men's magazines and three drawings. The drawings depicted a black male holding guns with females by his side and of a male sitting on a couch with a gun. Sergeant Burroughs refused plaintiff's request to mail these items home, as the items were considered contraband materials. Plaintiff spoke to unit manager Lieutenant Hoffner, who determined the items were indeed contraband, and instructed Sergeant Burroughs to send the items to Captain Walker. Plaintiff wrote several letters to Captain Walker inquiring whether he had received the magazines and drawings. Plaintiff did not receive a response.
3. Plaintiff alleges that Sergeant Burroughs, Lieutenant Hoffner and Captain Walker were negligent in failing to afford plaintiff the option of mailing the magazines and drawings home instead of destroying the materials.
4. According to Department of Correction policy, unlike prohibited materials, which an inmate can have mailed home, contraband materials are destroyed. According to the testimony of Sergeant Burroughs, the magazines contained scenes of sexual intercourse and penetration, and the drawings depicted the use of firearms and gang-related activity. Sergeant Burroughs further testified these items were contraband.
5. The Full Commission specifically finds that the confiscated magazines and drawings constituted contraband and were subject to being destroyed. The Commission also finds that Sergeant Burroughs, Lieutenant Hoffner and Captain Walker were not negligent in failing to afford plaintiff the option of mailing the magazines and drawings home instead of destroying the materials.
6. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
 * * * * * * * * * * *
Based on the foregoing Findings of Fact the Full Commission enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291, et seq. requires that plaintiff demonstrate negligence of an officer, employee, involuntary servant or agent of the State of North Carolina by the greater weight of the evidence.
2. Plaintiff has failed to prove by the greater weight of the evidence that any officer, employee, involuntary servant or agent of the North Carolina Department of Correction was negligent in the alleged loss of his property, or was negligent in any other manner.
3. Plaintiff is not entitled to any recovery from the defendant. N.C. Gen. Stat. § 143-291, et seq.
 * * * * * * * * * * *
Based upon the foregoing Findings of Fact and Conclusions of Law the Full Commission enters the following:
 ORDERED
1. Plaintiff's claim is hereby DISMISSED WITH PREJUDICE.
2. No costs are taxed as plaintiff was permitted to file this civil action in forma pauperis.
This 1st day of November, 2006.
 S/______________________ LAURA KRANIFELD MAVRETIC COMMISSIONER
CONCURRING:
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER